UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK M. LEIGH,

    Petitioner,

v.

THOMAS WINN,

    Respondent.

Case No. 2:20-cv-10545
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING THE MOTION TO STAY THE PROCEEDINGS [9], HOLDING THE PETITION IN ABEYANCE, AND ADMINSTRATIVELY CLOSING THE CASE**

Derek M. Leigh filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Leigh has filed a motion to hold the petition in abeyance so that he can return to the state courts to exhaust additional claims. For the reasons and on the conditions stated below, the Court grants the request.

**I.**

Leigh was convicted of domestic violence and assault by strangulation following a jury trial in St. Clair County Circuit Court. Leigh's conviction was affirmed on direct appeal. *People v. Leigh*, No. 335883, 2018 WL 2223334 (Mich. Ct. App. May 15, 2018); *People v. Leigh*, 920 N.W.2d 594 (Mich. 2018).

Leigh filed a motion to correct the sentence, which the trial court construed as a Rule 6.500 motion for relief from judgment. The motion was denied. *People v. Leigh*, No. 16–001697–FH (Mich. 31st Cir. Ct. Apr. 12, 2019). The Michigan Court of Appeals denied

Leigh's appeal. *People v. Leigh,* No. 349004 (Mich. Ct. App. Aug. 30, 2019). The Michigan Supreme Court also denied leave. But it clarified that he had not filed a Rule 6.500 motion for relief from judgment. *People v. Leigh*, 937 N.W.2d 677, 678 (Mich. 2020) ("[A]lthough the defendant's motion has been styled as a motion for relief from judgment by the courts below, it should not be regarded as a motion for relief from judgment in any future case").

Leigh has now filed a habeas corpus petition, seeking relief on the following claims: (1) he was denied his right to confront the witnesses against him and to present a defense when he was not permitted to impeach a witness with his motive to fabricate, (2) the trial court erred in permitting the introduction of prejudicial "other acts" evidence and counsel was ineffective for failing to object to the admission of this evidence, (3) his due process rights were violated by being visibly shackled during trial and counsel was ineffective for failing to object, and (4) the sentencing guidelines were incorrectly scored, the presentence investigation report contained inaccurate information, and trial counsel was ineffective for failing to object.

Leigh, in his motion to stay, indicates that he has the following additional claims that he wishes to exhaust in a post-conviction motion: (1) trial counsel was ineffective for failing to challenge the underrepresentation and systematic exclusion of African-Americans on the jury venire; (2) the trial court erred in refusing the jury's request to have the trial transcripts read back to them; (3) his sentence violates the Double Jeopardy Clause and was impermissibly enhanced to punish him for exercising his right to a trial; and (4)

he is entitled to relief based on the cumulative effect of the trial errors and/or the cumulative effect of prejudice from the deficient performance of trial and appellate counsel.

## II.

It appears that the claims in Leigh's petition are exhausted. But the claims he describes in his motion for stay are not.

"When, as here, a court decides whether to hold in abeyance a habeas corpus petition that contains only exhausted claims, the question is not whether to stay or dismiss the petition (as would be the case with a petition containing both exhausted and unexhausted claims) but whether to stay or proceed." *Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *1 (E.D. Mich. Dec. 4, 2015). The following factors inform this Court's decision "to proceed in parallel with state postconviction proceedings or instead hold a habeas corpus petition in abeyance":

> (1) whether the exhausted claims in the petition are plainly meritorious while the unexhausted claims plainly meritless (if so, proceeding to adjudicate the claims in the petition would avoid unnecessary expenditure of state court resources while still respecting the policies underlying exhaustion);
>
> (2) whether the unexhausted claims are potentially meritorious (if so, allowing the state court to adjudicate them first might save federal court resources, furthering the policies underlying exhaustion);
>
> (3) whether the unexhausted claims could be the bases for a viable second habeas petition (if so, staying until post-conviction proceedings are complete and then allowing petitioner to amend the pending petition would avoid the hurdles involved in filing a successive habeas petition);
>
> (4) whether the exhausted and unexhausted claims are legally or factually related (if so, it might be preferable for a federal court to delay ruling on an exhausted claim to avoid affecting the state court's view of an unexhausted claim);

3

(5) whether the habeas petitioner has good cause for seeking the stay (if not, the consequences of requiring a petitioner to proceed in two courts at once are less unfair to the petitioner);

(6) the potential prejudice to the party opposing the habeas corpus petition; and

(7) any other considerations relating to judicial economy and federal-state relations.

*Armour*, 2015 WL 9918195, at *1.

The Court will grant Leigh's motion to hold the petition in abeyance while he returns to the state courts to exhaust his new claims. This Court is currently not in a position to determine the viability of any of Leigh's new claims. The Court thus cannot say that they are "plainly meritless." *Armour*, 2015 WL 9918195, at *1. Nor, on the other hand, can the Court at this time say that Leigh's new claims plainly warrant habeas relief. *Id.* Further, this Court would benefit from the state courts' adjudication of these claims in determining whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas Leigh could be prejudiced by having to simultaneously litigate two proceedings in two courts and if this Court were to rule before the state courts, Leigh would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements should he seek habeas relief on his new claims. Finally, the Court finds that Leigh has demonstrated "good cause" for the failure to exhaust state remedies, because he alleges that appellate counsel was ineffective for failing to raise these claims on his appeal of right.

4

### III.

Accordingly, the Court hereby GRANTS Leigh's motion to stay and hold his habeas petition in abeyance. (ECF No. 9). Leigh must file a motion for relief from judgment in the state trial court within 60 days of entry of this order and then, within a week of filing his motion for relief from judgment, file a notice with this Court that includes proof of the state-court motion and a copy of the motion itself. If he fails to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands. Within 60 days after the conclusion of the state-court post-conviction proceedings, Leigh may move to amend his habeas petition to add his new claims. Otherwise, Leigh must inform the Court that he will proceed with the petition as is. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of Leigh's petition.

SO ORDERED.

Dated: October 22, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE